## CHAMBERLAIN V. GAGE et al.

### I. Per DILLON, COLE and WRIGHT, JJ.

1. **Stock**: DRIVING AWAY. To recover, under the provisions of chapter 34, Laws of 1862, for the unlawfully driving away of cattle or other stock by drovers, it is necessary to allege and prove that the defendant had knowledge at the time the injury was done, that the domestic animal of another had entered his drove, or was being taken away.

### II. Per LOWE, Ch. J.

2. —— It is necessary to show knowledge only when it is sought to punish the defendant for willingly permitting or suffering others to drive away stock from its proper range or premises; or when it is sought to hold him liable in treble damages. But when the defendant is himself charged with the offense, and only *actual* damages is asked, it is not necessary to show such knowledge.

*Appeal from Howard District Court.*

WEDNESDAY, APRIL 18.

THE material facts are stated in the opinion.

*L. Bullis* for the appellant.

*John T. Clark* for the appellee.

LOWE, Ch. J.—In the month of September, 1864, the defendants were taking a drove of cattle from New Oregon, Howard county, to McGregor. On the way, plaintiff's steer, three years old, of the value of forty or fifty dollars, broke into the drove and was taken some eight miles, and was then turned out and lost to plaintiff.

The petition charges that the defendants wrongfully and willfully drove the steer eight miles with their cattle, whereby he was lost to plaintiff. The defendants deny

the charges, and for them, on the hearing, the court found. The overruling of the motion for a new trial, as being against the evidence, is the error assigned.

I am instructed by a majority of the court to say, that however they would have determined the case upon the merits, as one of first impression, they do not see their way entirely clear, in conformity with former rulings of this court, to hold that there was error in overruling the motion for a new trial, inasmuch as the defendants, in their testimony, deny that they knew the plaintiff's steer continued in the drove, and was taken some eight miles, after they had given orders to some of the employés to turn the same out, and which orders were executed, or attempted to be executed, at the time the steer entered the drove. They hold that some knowledge that the domestic animal of another has entered or is being taken away, under the act to prevent the unlawful driving away of cattle or other stock by drovers, approved March 17, 1862, is requisite before the defendants can be charged in a civil action for damages, and as the evidence is conflicting upon this point, and the court below having found for the defense, it would not be right to interfere with such finding.

On the contrary, I think the true construction of the act referred to is, that knowledge is only a requisite element of the case when the defendant is sought to be punished for willingly permitting or suffering others to drive stock from their proper range or premises, or when he is sought to be held in treble damages for doing so himself.

But when the defendant is charged himself with the act of driving more than five miles from their premises or range the stock of another, and only actual and not treble damages is claimed of him, it is not necessary to aver that he did so knowingly or willfully; and if it is so averred, it need not, under section 2966 of the Revision, be proved. In this case, the plaintiff only claims in his petition actual

damages; the driving of the plaintiff's steer eight miles with the drove of defendants is admitted by 'hem in their testimony, but it is claimed that they knew it not. In my view of the statute this makes no difference. The law means to require of drovers a certain degree of diligence in passing through the State with their droves, where the stock of the people is everywhere running at large, and it seems to have been enacted upon the hypothesis that a diligent drover, careful as he should be of the rights of stock holders, could not reasonably drive off the stock of another more than five miles, without making a discovery of that fact; hence he is held bound at his peril in that distance to turn away or out of his drove such as does not belong to him. In the case at bar the defendants did not do so, whereby the plaintiff wholly lost his steer, and his time and expense in seeking after the same. As I think under this statute, defendants are liable upon their own testimony, it follows that in my judgment the court erred in overruling the motion.

But according to the view which the majority entertain of the question raised by the motion, the decision below must be sustained and the judgment is accordingly

Affirmed.